08-5706-cv
Boyle v. Town of Hammond

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
              *Circuit Judges.**

-------------------------------------------------------------
JAMES F. BOYLE,
          *Plaintiff-Appellant*,


                    v.                                    No. 08-5706-cv


TOWN OF HAMMOND, NEW YORK STATE
DEPARTMENT OF TRANSPORTATION,
          *Defendants-Appellee*s.
-------------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES F. BOYLE, *pro se*, Hammond, New York.

SUBMITTING FOR APPELLEES:       Frederick E. Paddock, Gouverneur, New York, *for Town of Hammond*.

---

        * Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Andrew M. Cuomo, Attorney General for the State of New York, Andrea Oser, Deputy Solicitor General, Albany, New York, *for New York State*.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 24, 2008, is AFFIRMED.

Pro se plaintiff James F. Boyle appeals the district court's sua sponte dismissal of his complaint alleging a qui tam claim under the False Claims Act, 31 U.S.C. § 3729 et seq., and an involuntary servitude claim under the Thirteenth Amendment.  In addition, Boyle moves for this court to award him "just compensation" on these claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2).   See Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). "Notwithstanding any filing fee . . . that may have been paid," a district court "shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); see Giano v. Goord, 250 F.3d at 149; see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (observing that § 1915(e)(2) provides "an efficient means by

2

which a court can screen for and dismiss legally insufficient claims"). An action is frivolous if it lacks an arguable basis in law or fact – i.e., if it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

Upon independent review of the record, we conclude for substantially the reasons stated by the district court in its well-reasoned opinion that plaintiff's claims lack an arguable basis in law or fact. Accordingly, we conclude that the district court properly dismissed plaintiff's complaint.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Because we conclude that the district court properly dismissed the complaint, plaintiff's motion for "just compensation" based on the claims raised therein is hereby DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3